IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JASON L. BROWN | : | CIVIL ACTION |
| v. | : | |
| C.B.H. OF PHILADELPHIA, et al. | : | NO. 17-3241 |

MEMORANDUM

ROBRENO, J.                                                                            AUGUST 29, 2017

Currently before the Court is plaintiff Jason L. Brown's amended complaint against C.B.H. of Philadelphia, City of Pihladelphia Department of Health and Human Services, and Joan L. Earney, identified as "C.B.H. of Philadelphia Chief Executive Officer." For the following reasons, the Court will dismiss plaintiff's amended complaint.

Federal Rule of Civil Procedure 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A district court may *sua sponte* dismiss a complaint that does not comply with Rule 8 if "the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quotations omitted). Furthermore, as plaintiff is proceeding *in forma pauperis*, the Court must dismiss his complaint if it is frivolous or fails to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It is legally baseless if "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). To survive dismissal for failure to state a claim, the complaint must contain "sufficient

1

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory statements and naked assertions will not suffice. *Id.*

It is difficult to discern the precise basis for plaintiff's claims based on the manner in which the amended complaint is pled. Plaintiff appears to be claiming that the defendants violated his rights and are guilty of genocide and health care fraud because they mailed three documents to him—a letter addressing an article in the Philadelphia Inquirer about a tragedy at Wordsworth Academy in October 2015, a pamphlet about nicotine and addiction, and a notification about C.B.H.'s new tobacco-free policy.[1] Although he raises many conclusory allegations, it is not clear from the complaint how plaintiff was harmed in a manner that gives rise to an actionable claim, or which rights he believes were violated. Furthermore, some of his allegations—in particular, those relating to genocide—rise to the level of factually frivolous. Accordingly, the Court will dismiss the complaint pursuant to Rule 8 and 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). As plaintiff was already given an opportunity to amend and failed to state a clear, plausible basis for a claim, the Court concludes that further attempts at amendment would be futile. An appropriate order follows, which shall be docketed separately.

---

[1] Plaintiff attached those documents to his initial complaint and appears to be referring to them in his amended complaint as the basis for his claims.

2